[Civ. No. 1295. Fifth Dist. Feb. 2, 1971.]

ALBERT RATZLAFF, Plaintiff and Appellant, v.
ARMANDO PORTILLO, JR., Defendant and Respondent.

## COUNSEL

W. A. Bloyd for Plaintiff and Appellant.

David A. Dorinson and J. W. Hedrick, Jr., for Defendant and Respondent.

## OPINION

**GARGANO, J.**—Appellant is a judgment creditor who seeks to enforce a writ of execution against one-half of the earnings of his judgment debtor

received for personal service rendered within 30 days next preceding the levy of the execution. The debt was incurred by respondent for the purchase of an automobile, and the only question presented in this appeal is whether the automobile is a "common necessary of life" within the ambit of the second paragraph of section 690.11 of the Code of Civil Procedure. This section, in pertinent part, reads as follows:[1]

"One-half of the earnings of the defendant or judgment debtor received for his personal services rendered at any time within 30 days next preceding the levy of attachment or execution shall be exempt from execution or attachment without filing a claim for exemption as provided in Section 690.26.

"All of such earnings, if necessary for the use of the debtor's family, residing in this State, and supported in whole or in part by such debtor unless the debts are: (a) incurred by such debtor, his wife or family, for the common necessaries of life; . . ."

■ Briefly, appellant argues that an automobile is a common necessary of life, as a matter of law, because it is the means of transportation normally used by people to earn a living and to purchase groceries and other items substantially necessary to sustain life. He also argues that even if an automobile is not a common necessary of life, as a matter of law, it becomes one if it is actually used by the owner to go to and from work or to shop for groceries.

■ The term "necessaries" as applied to the requisites of life is a relative term. It is not, in short, confined to what is absolutely essential to support life, but when used in the broad sense encompasses many of the conveniences of a refined society (2 Bouvier's Law Dict. (3d ed)). ■ However, in excepting debts incurred for the requisites of life from the exemption accorded to a debtor's earnings, section 690.11 does not refer to "necessaries" in the broad sense. On the contrary, the phrase "necessaries of life" is preceded by the word "common" and this in turn connotes such things as are ordinarily required for the sustenance of *all men*. ■ Thus, in *Los Angeles Finance Co.* v. *Flores,* 110 Cal. App.2d Supp. 850 [243 P.2d 139], the appellate division of the Superior Court of Los Angeles County held that the decision as to whether an article is a common necessary of life under section 690.11 "involves a determination of whether or not it is such an article that *in the hands of anyone* it is to be regarded universally or substantially so, as necessary to sustain life." The court also rejected the concept that something which is not of itself

---

[1]Section 690.11 was repealed by 1970 Statutes, chapter 1523, section 27; the subject matter is now contained in Code of Civil Procedure section 690.6.

a common necessary of life becomes one if it is used to earn a living. At page 856 of the opinion the court stated: "A tuxedo may be necessary wearing apparel to a waiter at a top-notch cafe, but not to a laborer who has never attended a type of dinner or other gathering where tuxedos are customarily worn; and under no circumstances could it be called a 'common necessary of life.' "

We are constrained to follow the rationale of the *Flores* case. The well-reasoned decision soundly applies basic rules of statutory construction and correctly interprets the legislative intent. ▆▆▆ Because of the availability of public transportation, home delivery service and neighborhood shopping centers, to the great majority of Americans the automobile, albeit a great convenience, is not necessary to sustain life and cannot be viewed as a "common necessary of life" within the contemplation of section 690.11 of the Code of Civil Procedure.

The judgment is affirmed.

Stone, P. J., and Ginsburg, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.